IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE FARMERS INSURANCE EXCHANGE CLAIMS REPRESENTATIVES' OVERTIME PAY LITIGATION | ) ) ) ) ) ) ) ) | MDL DOCKET NO. 33-1439(A)<br><br>O R D E R |

The court completed Phase A of this multidistrict overtime pay litigation with entry of final judgment on all then-pending claims on May 2, 2005. At the present time, the parties have seven appeals pending in the Ninth Circuit Court of Appeals. Plaintiffs and defendant each appealed the Final Judgment re: Minnesota Class and the Amended and Corrected Final Judgment re: Minnesota Class, entered December 17, 2004, and January 27, 2005, respectively (a total of four appeals); plaintiffs and defendant each appealed the Final Judgment entered on May 2, 2005 (a total of two appeals); and defendant appealed a May 17, 2005 order denying its motion for a permanent injunction directed to a Minnesota state court. Most of these appeals have been consolidated. It also appears from the appellate court docket that intervenor Milner Minnesota class has filed a notice of appeal, making a total of eight pending appeals.

Into this appellate platter and as the civil procedure rules entitle them to do, plaintiffs, who were awarded a substantial money judgment against defendant and thus qualify, at least in part, as "prevailing parties," have submitted two applications for attorneys fees and costs (## 1877, 1879), seeking a minimum of more than $31 million in attorney fees and approximately $1.8 million in costs.

This court retains jurisdiction during appeal to rule on motions for attorney fees and costs that are collateral to the issues on appeal. See Fed. R. Civ. P. 54(d). The court also, however, has discretion to defer ruling on such motions until after an appeal is resolved. As the 1993 Advisory Committee Note to Rule 54(d)(2) explains:

> Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment * * *. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court * * *.

Fed. R. Civ. P. 54 Advisory Committee Notes (1993 Amendments); see also Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225-26 (2nd Cir. 2004). The DC Circuit has noted that while from an appellate court's perspective, it may be desirable for the merits appeal and any appeal from the final order on fees to be decided together, "the needs of judicial economy take into account not only the best use of [appellate] resources, but those of the district court as well." Gilda Marx, Inc. v. Wildwood Exercise, Inc., 85 F.3d 675, 680 n.5 (DC Cir. 1996).

The substantial and difficult issues on appeal and cross-appeal in this case carry a significant potential that the Ninth Circuit's disposition may greatly affect my consideration of

2 - OPINION AND ORDER

plaintiffs' motions for attorney fees and costs. In the uncertain area of overtime pay exemption law, the Ninth Circuit could affirm or reverse the decision of this court, or render any combination of rulings. Thus, in this case, the interests of judicial efficiency weigh strongly in favor of waiting for a mandate from the Ninth Circuit before awarding or denying attorney fees or costs. Consequently, I will defer consideration of plaintiffs' motions for fees and costs pending a final appellate disposition. With respect to plaintiffs' motion for common fund attorney fees and costs, however, plaintiffs shall adhere to the schedule established by order dated October 14, 2005, concerning notice to class members of plaintiffs' request and class members' opportunity to object.

In light of my decision to defer plaintiffs' motions, the hearing set for November 29, 2005, on plaintiffs' motion for statutory fees and costs is stricken. Pursuant to Rule 54(d)(2)(B), plaintiffs and/or defendant, as appropriate, shall have 20 days after issuance of the Ninth Circuit mandate(s) resolving all pending appeals to file new or renewed motions for attorney fees and costs with this court.

IT IS SO ORDERED.

DATED this 27th day of October, 2005.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge